UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN CARTER | ) |
| ARTHUR CARTER | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Case No. 01-10041 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Before the Court is a Notice and Preservation of Issues Related to Sentencing Pending Retroactivity Decision in *United States v. Booker* filed by Petitioners Brian Carter and Arthur Carter (the "Carters"). Although this pleading is not formally titled as a motion, it asks the Court to preserve certain issues related to sentencing in order to prevent the Carters from being subject to the one-year statute of limitations set forth in 28 U.S.C. § 2255 ¶ 6(3). For the reasons set forth below, that request is DENIED.

**BACKGROUND**

After a jury trial, the Carters were convicted for drug related offenses. Each defendant was sentenced to life in prison. Each defendant filed an appeal from the judgment and conviction in the Seventh Circuit Court of Appeals. The Seventh Circuit affirmed the District Court's judgments and convictions. Each defendant then brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Both Motions were denied and this Court declined to issue either defendant a Certificate of Appealability. The Seventh Circuit also denied the Carters' requests for Certificates of Appealability and denied their requests for Rule 40 rehearings. The Carters have now

filed a Notice and Preservation of Issues Related to Sentencing Pending Retroactivity Decision in *Booker v. United States* and this Order follows.

## DISCUSSION

In their current Notice, the Carters argue that they need to preserve their issues relating to sentencing in the event that the decision in *United States v. Booker,* 543 U.S. 220 (2005), is made retroactive to cases on collateral review. In support of their argument, the Carters cite the recent Supreme Court decision in *Dodd v. United States*, 125 S.Ct. 2478 (2005). Specifically, they claim that the holding in *Dodd,* which establishes the date on which the statute of limitations starts to run for bringing a § 2255 motion as the date on which the right asserted was initially recognized by the Supreme Court, requires them to preserve their issues in the event that the Supreme Court makes the *Booker* decision retroactive.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the time in which a petitioner can bring a claim under 28 U.S.C. § 2255 to one year. The starting point for that statute of limitations is set forth in paragraph 6 of 28 U.S.C. § 2255 which states:

> A 1-year period of limitation shall apply to a motion under this section. The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. With respect to 28 U.S.C. § 2255, ¶ 6(3), the *Dodd* court held that ¶ 6(3)'s

application is limited to cases in which applicants are seeking to assert rights "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Dodd*, 125 S.Ct. at 2482. Specifically, the Court stated "'the date on which the right asserted was initially recognized by the Supreme Court' – does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – has not been satisfied. *Id.* Moreover, in *Dodd,* the Court recognized the difficulty that applicants making second or successive § 2255 petitions, such as the Carters, will have in light of their ruling. The Court stated:

> We recognize that the statute of limitations in ¶ 6(3) makes it difficult for applicants filing second or successive § 2255 motions to obtain relief. The limitation period in ¶ 6(3) applies to "all motions" under § 2255, initial motions as well as second or successive ones. Section 2255, ¶ 8(2), narrowly restricts an applicant's ability to file a second or successive motion. An applicant may file a second or successive motion only in limited circumstances, such as where he seeks to take advantage of "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255, ¶ 8(2). Dodd points out that this Court rarely decides that a new rule is retroactively applicable within one year of initially recognizing that right. Thus, because of the interplay between ¶¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case that this Court announces a new rule of constitutional law and makes it retroactive within one year.
>
> Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted. . . . The disposition required by the text here, though strict, is not absurd. It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions.

*Dodd,* 125 S.Ct. at 2482–83. The Court went on to find that Dodd's second § 2255 motion was untimely because it was filed more than one year after the Supreme Court had recognized a new right even though his claim was filed within one year of the Eleventh Circuit making that right retroactive to cases on collateral review. *Id.* at 2483.

In the instant case, the Carters' situation was clearly addressed by the *Dodd* court. The

statute of limitations for any claims that the Carters have relying on the decision in *Booker* began on January 12, 2005 regardless of whether the right established by *Booker* is ever made retroactive on collateral review. *See Id.* Finally, there is no need for the Carters' issues to be preserved because the Supreme Court recognized that the claims of petitioners, such as the Carters, may be time-barred because a right retroactive to cases on collateral review until more than one year after the date that the right was initially recognized. Although recognizing that this creates a "harsh result", the Court found that the statute mandated a finding that a claim was untimely if it was filed more than one year after the right was initially recognized. Accordingly, the statute of limitations for the Carters' *Booker* claims began to run on January 12, 2005.

## CONCLUSION

For the reasons set forth above, to the extent that the Carters' Notice [138] asks the Court to preserve certain issues related to sentencing in order to prevent the Carters from being subject to the one-year statute of limitations set forth in 28 U.S.C. § 2255, their request is DENIED.

ENTERED this 24th day of January, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge